IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD MYERS,** | : | CIVIL ACTION NO. 1:25-CV-978 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN GREENE,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Reginald Myers, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to give him credit towards his sentence pursuant to the First Step Act ("FSA") and the Second Chance Act ("SCA"). The petition will be dismissed for failure to exhaust administrative remedies.

**I.      Factual Background & Procedural History**

Myers is incarcerated in Allenwood Low Security Correctional Institution ("LSCI-Allenwood") serving a federal sentence imposed by the United States District Court for the Eastern District of New York. (Docs. 10-2, 10-3). Myers's petition asserts that the BOP has improperly refused to apply time credits to his sentence that he is entitled to under the FSA and the SCA. (Id.) Respondent responded to the petition on August 18, 2025, arguing that Myers failed to exhaust administrative remedies and that his claim otherwise fails on its merits. (Doc. 10). Myers filed a reply brief in support of his petition on August 25, 2025, making the petition ripe for review. (Doc. 11).

**II.     Discussion**

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Myers's petition should be dismissed for failure to exhaust administrative remedies because all of his relevant grievances or appeals were dismissed by the BOP on procedural grounds, and he therefore failed to complete the administrative remedy process in accordance with the BOP's internal rules. (Doc. 10 at 14-20). Myers acknowledges that "everything [he] filed was returned to [him] with some kind of excuse stating that [he] did not do it correctly." (Doc. 11). Myers does not advance any argument that the dismissal of the grievances and appeals at issue in this case was somehow improper; instead, he notes that he has "filed 90 administrative remedies" during his BOP incarceration, which purportedly shows that he "know[s] from experience . . . how to properly file them." (Doc. 11 at 3). This argument is unavailing. The fact that Myers may have successfully exhausted administrative remedy requests in the past,[1] does not establish that he exhausted any relevant administrative remedy request in this case. Moreover, to the extent that Myers is arguing that BOP officials rejecting his grievances and appeals on procedural grounds renders the grievance process unavailable, this argument is meritless. Enforcing the rules of a grievance process does not render that grievance process unavailable. The petition will accordingly be dismissed for failure to exhaust administrative remedies.

---

[1] The brief is silent as to whether Myers successfully exhausted any of the 90 previous administrative remedy requests. (See id.)

**III.    Conclusion**

The petition for writ of habeas corpus is dismissed for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    October 1, 2025

4